OPINION
{¶ 1} Appellant, Robert Shutt, dba R S Masonry, entered into a contract with Claggett Sons, Inc. (hereinafter "Claggett") to perform masonry work on a construction project for the Licking County Joint Vocational School District. Appellee, Oberfield's, Inc., provided masonry materials to appellant.
 {¶ 2} On September 5, 2006, appellee filed a complaint against appellant for monies due and owing for unpaid masonry materials in the amount of $75,131.61. Appellee also named Claggett and Claggett's surety, Ohio Farmers Insurance, in the lawsuit. Claggett filed a cross-claim for indemnification against appellant. *Page 3 
 {¶ 3} On October 31, 2006, appellant filed a motion to stay the lawsuit pending arbitration. Appellee opposed the motion, arguing the invoices between the parties did not include any agreement to arbitrate. By judgment entry filed November 29, 2006, the trial court denied the motion.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 5} "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED DEFENDANT R S MASONRY'S MOTION TO STAY THE PROCEEDINGS PENDING ARBITRATION UNDER A CONSTRUCTION CONTRACT PROVIDING FOR ARBITRATION OF ALL CLAIMS ARISING FROM THE SUBCONTRACT."
 I {¶ 6} Appellant claims the trial court erred in not staying the proceedings and ordering the parties to arbitration. We disagree.
 {¶ 7} As the September 5, 2006 complaint states, appellee provided construction labor and materials to appellant via invoices of sale. See, ¶ 6. Appellant breached the terms of the invoices and failed to pay appellee the monies due and owing for the labor and materials furnished and provided. See, ¶ 9. Appellee also had claims for unjust enrichment and payment bond against Claggett, the general contractor. See, Counts Four (sic) and Four. In its December 12, 2006 answer, appellant claimed the "dispute underlying the Plaintiff's Complaint is subject to arbitration provisions in the agreement" between appellant and Claggett. See, Fourth Affirmative Defense. *Page 4 
 {¶ 8} Article 13 of the agreement between appellant and Claggett includes the following arbitration clauses:
 {¶ 9} "13.1 All claims, disputes and other matters in question arising out of, or relating to this Subcontract, or the breach thereof, shall be decided by arbitration, which shall be conducted in the same manner and under the same procedure as provided in the Contract Documents with respect to disputes between the Owner and the Contractor, except that a decision by the Architect shall not be a condition precedent to arbitration. If the Contract Documents do not provide for arbitration or fail to specify the manner and procedure for arbitration, it shall be conducted in accordance with the Construction Industry Arbitration Rules and the American Arbitration Association then obtaining unless the parties mutually agree otherwise.
 {¶ 10} "13.2 Except by written consent of the person or entity sought to be joined, no arbitration arising out of or relating to the Contract Documents shall include, by consolidation, joinder or in any other manner, any person or entity not a party to the Agreement under which such arbitration arises, unless it is shown at the time the demand for arbitration is filed that (1) such person or entity is substantially involved in a common question of fact or law, (2) the presence of such person or entity is required if complete relief is to be accorded in the arbitration, (3) the interest or responsibility of such person or entity in the matter is not insubstantial, and (4) such person or entity is not the Architect, his employee or his consultant. This agreement to arbitrate and any other written agreement to arbitrate with an additional person or persons referred to herein shall be specifically enforceable under the prevailing arbitration law." *Page 5 
 {¶ 11} It is clear from reading these clauses the obligation to arbitrate claims and/or disputes arises solely between appellant and Claggett, and third parties are not bound by the clauses unless the specific provisions in 13.2 can be shown.
 {¶ 12} We find the trial court was correct in finding the provisions of 13.2 had not been met for the following reasons. First, appellee was not a signatory to the agreement. Second, the invoices for the payment of masonry materials were solely between appellant and appellee. Third, appellee's disputed claim of non-payment does not rely upon appellant being paid by a third party as noted in the exhibits attached to the complaint. Fourth, the issue is the non-payment of the delivered masonry materials and does not involve a common question of fact and law as evidenced by the affirmative defenses raised in appellant's answer to Claggett's cross-claim. Lastly, Claggett's cross-claim was for indemnification and it failed to allege any defects in appellee's masonry materials.
 {¶ 13} Upon review, we find the trial court was correct in not staying the proceedings and ordering the parties to arbitration.
 {¶ 14} The sole assignment of error is denied.
 {¶ 15} The judgment of the Court of Common Pleas of Licking County, Ohio is hereby affirmed.
 Farmer, P.J. Edwards, J. and Delaney, J. concur. *Page 6 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio is hereby affirmed. *Page 1